NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**LARRY GOLDEN,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

2023-2139

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00185-EGB, Senior Judge Eric G. Bruggink.

**ON MOTION**

Before PROST, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

**O R D E R**

The United States moves for summary affirmance of the judgment of the United States Court of Federal Claims. Larry Golden opposes the motion and separately moves for relief from the judgment. The United States opposes Mr. Golden's motion. Mr. Golden replies. For the following

reasons, we grant the United States' motion to summarily affirm and deny Mr. Golden's motion.

In *Golden v. United States*, 955 F.3d 981 (Fed. Cir. 2020), we described the background and prior litigation that form the basis of the underlying complaint. We therefore summarize that background only briefly here.

In 2014, the Department of Homeland Security petitioned the Patent Trial and Appeal Board for *inter partes* review ("IPR") of Mr. Golden's U.S. Patent No. RE43,990. During those proceedings, Mr. Golden moved to cancel the challenged claims of the patent while proposing new substitute claims. In 2015, the Board issued its final written decision, which granted Mr. Golden's request to cancel his claims but found his substituted claims were unpatentable. Mr. Golden sought rehearing, which the Board denied on November 17, 2015. Mr. Golden did not appeal, allowing the decision to become final in January 2016. *See* 35 U.S.C. § 142; 37 C.F.R. § 90.3(a).

In 2019, Mr. Golden filed suit in the Court of Federal Claims, alleging, *inter alia*, that the cancellation of his claims during the IPR amounted to an unlawful taking of his property that required compensation under the Fifth Amendment. In May 2019, the Court of Federal Claims granted the government's motion to dismiss, finding that Mr. Golden's voluntary amendment of his claims did not constitute a cognizable taking of property. On appeal, we affirmed the trial court's judgment. *Golden*, 955 F.3d at 989.

On February 7, 2023, Mr. Golden filed this complaint in the Court of Federal Claims again seeking compensation for the alleged taking due to the cancellation of the claims of his patent. *See* ECF No. 7-2 at A031-A032. The government moved to dismiss the complaint for lack of jurisdiction. The Court of Federal Claims granted the motion on the ground that that the complaint was out of time under the applicable six-year statute of limitations, 28 U.S.C.

§ 2501. Mr. Golden then filed this appeal. We have jurisdiction over his appeal under 28 U.S.C. § 1295(a)(3).

Here, the judgment of the trial court dismissing the complaint is so clearly correct as a matter of law that no "substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Mr. Golden clearly filed his complaint outside of the six-year jurisdictional filing deadline. Further, this court has already resolved the merits of Mr. Golden's claims in his earlier appeal such that the Court of Federal Claims was clearly correct to dismiss the complaint.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion for summary affirmance is granted. The judgment is summarily affirmed.

(2) All other pending motions are denied.

(3) Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

December 15, 2023
Date